Case 2:23-cv-02451-JMA-SIL   Document 32   Filed 09/12/25   Page 1 of 9 PageID #: 962

FILED
CLERK
3:26 pm, Sep 12, 2025
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────X

For Online Publication Only

STEEVE BERNARD ORELUS,

                Plaintiff,

    -against-

THE UNITED STATES OF AMERICA,

                Defendant.
───────────────────────────────X

**ORDER**
23-cv-02451 (JMA) (SIL)

**AZRACK, United States District Judge:**

On March 30, 2023, Plaintiff Steeve Bernard Orelus ("Plaintiff") commenced this action against Defendant pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671, et seq., and the New York State Insurance Law ("NYIL"), §§ 5102(a), (d) alleging that a United States Postal Service ("USPS") vehicle negligently hit a car in which Plaintiff was a passenger, causing serious injury and economic loss. (See ECF No. 1 ("Compl.").) On January 25, 2025, the Government filed a motion for summary judgment. (See ECF No. 27-27 ("Def. Mem.").) Presently before the Court is Judge Locke's R&R recommending that Defendant's motion for summary judgment be granted in part, as to Plaintiff's claim for economic damages in excess of basic economic loss, and denied in part, as to Plaintiff's cause of action based on serious injury. (See ECF No. 30.) For the reasons set forth below, the Court adopts Judge Locke's R&R in its entirety, and Defendant's motion for summary judgment is granted in part and denied in part.

1

I.      DISCUSSION

In reviewing a magistrate judge's report and recommendation, a court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s] [are] made." 28 U.S.C. § 636(b)(1)(C); see also United States ex rel. Coyne v. Amgen, Inc., 243 F. Supp. 3d 295, 297 (E.D.N.Y. 2017), aff'd sub nom., Coyne v. Amgen, Inc., 717 F. App'x 26 (2d Cir. 2017).  The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error.  See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).  The Court finds no clear error in the portions of Magistrate Judge Locke's R&R to which there are no objections.  Next, the Court turns to the portions of the R&R to which Defendant has objected.  Defendant objects to the R&R's findings that: (1) summary judgment was not appropriate based on the issue of causation; and (2) Plaintiff successfully rebutted Defendant's *prima facie* showing that Plaintiff had not sustained a serious physical injury.  (ECF No. 31 at 1.)  After conducting a de novo review of the full record (including the motion papers, R&R, and objections) and applicable law, and for the reasons that follow, the Court agrees with Magistrate Judge Locke's recommendations, and therefore adopts the R&R in its entirety as the opinion of the Court.[1]

A.  **Plaintiff Put Forth Evidence Sufficient to Withstand Summary Judgment On the Issue Of Causation**

As Judge Locke found, Plaintiff has put forth evidence sufficient to withstand summary judgment on the issue of causation. (See ECF No. 30 at 23.)  Defendant's objection notes that the R&R failed to appropriately consider the report of Defendant's expert in biomechanics and the

---

[1] The Court presumes familiarity with the procedural posture and factual background of this case and only recites the facts necessary for this analysis.

report of Defendant's expert in orthopedic medicine. (ECF No. 31 at 4-12.) According to Defendant, the reports of Plaintiff's medical expert and one of his treating physicians are "wholly conclusory" with respect to the issue of causation and are therefore insufficient to survive summary judgment. (Id. at 1, 8-12.) However, the R&R did appropriately consider the medical evidence put forward by Plaintiff and correctly found that it was sufficient to withstand summary judgment as to causation.

"As a final hurdle, Plaintiff's 'serious injuries' must be 'proximately caused by the accident at issue.'" Comba v. United States, 535 F. Supp. 3d 97, 111 (E.D.N.Y. 2021) (quoting Carter v. Full Service, Inc., 815 N.Y.S.2d 41 (1st Dep't 2006)). "A defendant can win summary judgment on this issue by showing 'additional contributory factors interrupt the chain of causation between the accident and claimed injury—such as a gap in treatment, an intervening medical problem or a preexisting condition.'" Id. (quoting Pommells v. Perez, 797 N.Y.S.2d 380 (2005)). "When a defendant submits persuasive evidence that a plaintiff's alleged pain and injuries are related to a pre-existing condition, the plaintiff has the burden to come forward with evidence addressing the defendant's claimed lack of causation; if the plaintiff fails to meet that burden, the defendant is entitled" to summary judgment. Id. (cleaned up). Here, despite Defendant's experts' findings on lack of causation, Plaintiff submitted reports from a medical expert and treating physician opining that the injuries were caused by the accident. (ECF No. 30 at 8-9, 23; ECF No. 28-8 ("Demesmin Aff.") ¶¶ 4-7, 9; ECF No. 27-24 ("Weissberg Report") at 4.) There is no basis on this record to afford more weight to Defendant's experts' opinions than to Plaintiff's experts' opinion, and Plaintiff has therefore put forth evidence sufficient to withstand summary judgment.

On August 16, 2022, Plaintiff had a consultation with Dr. Didier Demesmin ("Dr. Demesmin") with Minimally Invasive Pain Specialists ("MIPS"), who noted that Plaintiff had

3

received various nonsurgical treatment. (Pl. 56.1 ¶¶ 132-34; Dickman Decl., Ex. S, ECF No. 27-21 ("MIPS Records"), at 1-3.) Dr. Demesmin recommended surgery, a lumbar microdiscectomy with annuloplasty at L4-L5 and L5-S1, (Pl. 56.1 ¶ 135), and performed that surgery on August 19, 2022. (Id. ¶ 136; MIPS Records at 12-14.) In an affirmation sworn on November 20, 2024, Dr. Demesmin stated that he observed "a painful range of motion" in both Plaintiff's cervical and lumbar spine, reviewed MRIs of these regions, and diagnosed him with a number of conditions, including cervical and intervertebral disc displacement. (Demesmin Aff. ¶¶ 4-7.) Dr. Demesmin offered his opinion that Plaintiff "continued to have post-traumatic neck pain and low back pain[,] which affected his activities of daily living[,] which was causally related to being involved in" the Accident. (Id. ¶ 9.) Dr. Demesmin further noted: "It is my opinion within a reasonable degree of medical certainty that [Plaintiff's] continued post-traumatic neck pain and low back pain . . . was causally related to being involved in a motor vehicle accident that occurred on December 18, 2021." (Id. ¶ 22.) Dr. Demesmin's opinions were based on consultations with Plaintiff on August 16, 2022 and August 19, 2022 as well as examinations of Plaintiff's cervical lumbar spine, MRIs of the cervical and lumbar spine, and further measurements of the range of motion of the cervical spine using a handheld goniometer. (Id. ¶¶ 3-22.)

Dr. Weissberg examined Plaintiff on July 27, 2023 and reviewed the ASC Records, records from Plaintiff's February 13, 2022 visit to Dr. Kohler, the MIPS Records, records of Dr. Bakarat's treatment, and the Seneca Records. (Weissberg Report at 1-2; see Affirmation of Dr. Weissberg, ECF No. 28-9 ("Weissberg Aff.").) He measured Plaintiff's range of motion in his cervical and thoracolumbar spine and both shoulders, and determined that his range of motion upon extension of his thoracolumbar spine was restricted to 15 degrees, which is 40 percent less than the normal 25 degrees. (Weissberg Report at 4.) Dr. Weissberg opined that "[Plaintiff] sustained cervical

4

and lumbar sprains as well as left shoulder sprain" and "still has ongoing symptomatology with objective findings of both his cervical and lumbar spine and shoulder region due to the sprain he sustained in his shoulder at the time of the [A]ccident." (Id. at 5.) Dr. Weissberg's opinion was based on his evaluation of Plaintiff on July 27, 2023 as well as his review of the following records:

- Op report for lumbar percutaneous discectomy, nucleus pulposus ablation, disc injection, Dr. Manim performed 3/20/22 at ASC of Rockaway Beach with lumbar epidurogram;
- Trigger point injections paralumbar muscles, Matthew Kohler, M.D. 2/3/22;
- Op report 8/19/22 lumbar microdiscectomy L4-5, L5-S1, multiplanar fluoroscopy ablation of nucleus pulposus using bipolar L4-5, L5-S1 discogram, annuloplasty and physiologic monitoring;
- Treatment notes by Dr. Demesmin 8/19/22 for complaints of neck pain, low back pain, resulting in a motor vehicle accident on 12/18/21 with assessment lumbar cervical radiculopathy, cervicalgia with disc displacements, myofascial pain, lumbar disc displacement;
- MRI of the lumbosacral spine report 1/24/22. transitional lumbosacral vertebrae with disc bulges E3 through SI with flattening of neural foramen, flattening of the neuroforaminal area with grade 2 narrowing;
- MRI of the cervical spine 1/24/22 with bulging disc C3 through C6 with straightening of cervical lordosis;
- Internal Medicine note by Jean Pierre Georges Barakat, M.D., Internal Medicine; and
- Acupuncture treatment notes.

(Id. at 3.)

Defendant's medical expert, Dr. Patterson, reviewed Plaintiff's medical records and examined him on May 30, 2024. (ECF No. 27-25 ("Patterson Report") at 1.) Dr. Patterson opined that the Accident did not cause Plaintiff's injuries, and that Plaintiff would not have any future disability or impairment from the Accident. (Id. at 6.) Instead, Dr. Patterson opined that "[i]t is more likely that any small amount of radiographic changes to his cervical and lumbar spine are attributable to degeneration." (Id.) The Government's biomechanics expert, Dr. Serina, examined Defendant's exhibits to its Motion and determined that the Honda "likely experienced a low-speed sideswipe impact to the front of the left (driver) side of the vehicle," resulting in a "low-magnitude

5

impact." (ECF No. 27-26 ("Serina Report") at 8.)  Dr. Serina opined that a sideswipe of this nature may result in "crash pulse[s]," causing a car to "shak[e]," but that "[t]he forces experienced by a far-side occupant in a low-speed sideswipe impact are low and not sufficient to move the body such that the voluntary ranges of motion for the neck and back are exceeded." (Id. at 9.)  She explained that "an intervertebral disc bulge or narrowing does not occur as the result of a single loading event, unless there is significant associated structural damage to the surrounding tissues." (Id. at 10.)  As a result, she concluded that "[d]ue to the minimal movement and low forces in the joints, the mechanism for structural damage to the tissues of the cervical and lumbar spine (such as the intervertebral discs) was not present during the" Accident. (Id. at 11.)

Here, Plaintiff puts forth medical evidence both from his treating physician and medical expert that is sufficient to rebut the evidence put forth by Defendant and create an issue of fact to survive summary judgment as to causation.  Dr. Demesmin not only evaluated Plaintiff and reviewed all of his relevant medical records but also treated Plaintiff and performed surgery on him, concluding that Plaintiff's injuries were caused by the Accident. (Demesmin Aff. ¶¶ 9, 22.) Dr. Weissberg reached a similar conclusion based on his evaluation of Plaintiff and review of the relevant medical records. (Weissberg Aff. at 5.)  This Court will not grant Defendant summary judgment by calling the non-movant Plaintiff's experts' opinion on causation "conclusory," where Defendant's own experts offered an equally "conclusory" opinion upon consideration of the same objective evidence. See Comba, 535 F. Supp. 3d at 112; see also Baytsayeva v. Shapiro, 868 F. Supp. 2d 6, 26 (E.D.N.Y. 2012) ("[T]he New York Court of Appeals has already held that a defendant's allegations of a pre-existing condition based solely upon the defendant's radiologist's 'conclusory notation' of a degenerative condition following review of an MRI and nothing more is 'itself insufficient to establish that plaintiff's pain might be chronic and unrelated to the

6

accident.'" (quoting Pommells, 797 N.Y.S.2d 380)); Burzynski v. United States, 2016 WL 6298513, at *7 (W.D.N.Y. Oct. 27, 2016) (denying summary judgment where "[d]efendant's expert opines that any injury to Plaintiff's back is a result of degenerative changes unrelated to the collision; Plaintiff's treating physician opines the opposite"); Linton v. Nawaz, 879 N.Y.S.2d 82, 90 (2009) ("There is no basis on this record to afford more weight to defendants' expert's opinion and there are no "magic words" which plaintiff's expert was required to utter to create an issue of fact. If anything, plaintiff's expert's opinion is entitled to more weight. Moreover, that opinion constituted an unmistakable rejection of defendants' expert's theory."), aff'd, 926 N.E.2d 593 (2010).

**B.     Plaintiff Put Forth Evidence Sufficient to Withstand Summary Judgment On The Issue Of 'Serious Injury'**

Judge Locke also correctly held that Plaintiff put forth sufficient evidence to survive summary judgment as to the "serious injury" requirement under NYIL § 5102(d). (See ECF No. 30 at 19-24.) Defendant's objection argues that the R&R "erroneously found that Plaintiff had submitted evidence sufficient to counter Defendant's *prima facie* showing that he had neither sustained a 'permanent consequential limitation' or a 'significant limitation.'" (ECF No. 31 at 13; see id. at 14-19.) However, the Court agrees with Judge Locke's finding that Plaintiff survives summary judgment by putting forth evidence sufficient to demonstrate a "permanent consequential limitation" and "significant limitation." (ECF No. 30 at 20.)

Under the NYIL, "serious injury" includes a "permanent consequential limitation of use of a body organ or member," NYIL § 5102(d), which on summary judgment must be supported by "'competent medical evidence that [a plaintiff's] injuries are permanent.'" Comba, 535 F. Supp. 3d at 108–09 (E.D.N.Y. 2021) (quoting Ventra v. United States, 121 F. Supp. 2d 326, 333 (S.D.N.Y. 2000)). "To establish a 'significant limitation of use of a body function or system,'

7

plaintiff must show 'something more than a minor limitation of use,'" and significance is measured in terms of both "'degree and duration.'" Tenzen v. Hirschfeld, No. 10-CV-50, 2011 WL 6034462, at *6 (E.D.N.Y. Dec. 5, 2011) (quoting Licari v. Elliott, 455 N.Y.S.2d 570, 573 (1982); Jones v. United States, 408 F.Supp.2d 107, 120 (E.D.N.Y. 2006)).

While Defendant may have carried its initial burden of establishing a *prima facie* case that Plaintiff has not suffered a serious injury, Plaintiff has met his burden to rebut Defendant's *prima facie* showing by submitting sworn affirmations, MRI reports, and a physician's expert report. See Chin Yong Kim v. Napolitano, No. 16-CV-9516, 2018 WL 4636845, at *10 (S.D.N.Y. Sept. 27, 2018). A physician's sworn affirmation or expert report identifying a percentage loss in a plaintiff's range of motion can demonstrate serious injury for summary judgment purposes. Pow v. Armellini Indus. Inc., No. 22-CV-10908, 2025 WL 1190774, at *4 (S.D.N.Y. Apr. 22, 2025). Both the Demesmin Affirmation and the Weissberg Report identify limitations in Plaintiff's spinal range of motion exceeding 20 percent. (See Demesmin Aff. ¶ 12; Weissberg Report at 4.) This percentage of limitation creates a genuine issue of material fact as to whether he was seriously injured. See Satterfield v. Maldonado, 127 F. Supp. 3d 177, 194 (S.D.N.Y. 2015) ("While there is no set percentage for determining whether a limitation in range of motion is sufficient to establish 'serious injury,' the cases have generally found that a limitation of twenty percent or more is significant for summary judgment purposes.") (cleaned up). Supported by his MRIs demonstrating that Plaintiff suffered disc bulges, (see Star Records at 1-4), Plaintiff has offered sufficient evidence that he suffered a "significant limitation" of his spine. See Gonzalez v. Kenan Advantage Grp., Inc., No. 22-CV-10962, 2024 WL 3445243, at *11 (S.D.N.Y. July 17, 2024). As to a "permanent consequential limitation," Dr. Weissberg opined in his Report that Orelus "has a partial permanent disability secondary to these injuries." (Weissberg Report at 4.) Again, this

evidence, combined with the totality of Plaintiff's submitted sworn affirmations and supported by the MRI reports and physician's expert report, is sufficient to withstand summary judgment as to these criteria.[2]  (See ECF No. 30 at 19-24; see id. at 3-12); see also Kim v. Stewart, 2021 WL 1105564, at *7 (S.D.N.Y. Mar. 23, 2021) ("'[C]ontradicting medical affirmations . . . [submitted] in connection with this motion merely establishes a battle of the experts' [which] underscores the conclusion that [Plaintiff] has presented sufficient evidence to raise a genuine issue of material fact.") (cleaned up).

Accordingly, Plaintiff has successfully rebutted the Government's *prima facie* case on this ground as well, and summary judgment is inappropriate as to these two criteria.

## II.  CONCLUSION

Therefore, Defendant's motion for summary judgment is granted in part, as to Plaintiff's claim for economic damages in excess of basic economic loss, and denied in part, as to Plaintiff's cause of action based on serious injury.  The Clerk of Court is respectfully requested to close ECF Nos. 27 and 30.

**SO ORDERED.**

Dated: September 12, 2025
Central Islip, New York

                                                /s/  JMA
                                         JOAN M. AZRACK
                                         UNITED STATES DISTRICT JUDGE

---

[2] Even if Dr. Demesmin's affirmation can't be used to show a permanent consequential limitation because it postdates his evaluation of Plaintiff by more than two years, it is still probative of a significant limitation. Moreover, the Weissberg report clearly supports Plaintiff's rebuttal as to both significant limitation and permanent consequential limitation.

9